ATTORNEYS FOR APPELLANTS
Nelson D. Alexander
Carl W. Butler
Maggie L. Smith
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Jan M. Carroll
Paul L. Jefferson
Indianapolis, Indiana

L. Charles Lukmann, III
Charles F.G. Parkinson
Chesterton, Indiana

In the

Indiana Supreme Court



FILED
Jun 29 2011, 1:21 pm

CLERK
of the supreme court,
court of appeals and
tax court

No. 64S03-1010-CV-599

STEVEN SIWINSKI AND
LAUREN SIWINSKI,

*Appellants (Defendants below),*

v.

TOWN OF OGDEN DUNES,

*Appellee (Plaintiff below).*

Appeal from the Porter Superior Court, No. 64D06-0708-OV-14835
The Honorable Mary R. Harper, Special Judge

On Petition to Transfer from the Indiana Court of Appeals, 64A03-0909-CV-00429

**June 29, 2011**

**David, Justice.**

The Town of Ogden Dunes sued the homeowners for a permanent injunction and monetary fines, alleging the homeowners' short-term rental of their home was a violation of the town's ordinance against commercial use of property.

**Facts and Procedural History**

Steven and Lauren Siwinski (the Siwinskis) own a home at 126 Shore Drive in Ogden Dunes, Indiana. According to the zoning maps, the house is located in an "R-Residential District" in the Town of Ogden Dunes (the Town). The Siwinskis advertised their home for rent on the internet website "Vacation Rentals By Owner," utilizing the domain name VRBO.com. In April 2007, the Town Marshall sent a cease and desist letter advising the Siwinskis that renting their property is prohibited by the Ogden Dunes Zoning Ordinances and further advising them that their failure to immediately stop any rental activity would result in enforcement of the ordinances. Nonetheless, on five separate occasions in 2007, the Siwinskis rented their home to people who had contacted them via the website and contracted for stays of between two and eleven days. The Siwinskis rented their home from June 26, 2007, through June 28, 2007; again from July 10, through July 17; again from July 28, through August 5, again from August 7, through August 13; and from August 15, through August 26. Rental agreements between the Siwinskis and the five renters were signed between May 15 and May 26, 2007.

In August 2007, the Town filed suit against the Siwinskis for violating Chapter 152 of the Town Code, specifically ordinance section 152.032. In April 2009, both the Siwinskis and the Town filed separate motions for summary judgment.[1] Thereafter, the trial court heard arguments from each side on the motions. In June 2009, the trial court entered its order denying the Siwinskis' motion for summary judgment and granting the Town's motion for summary judgment and injunctive relief. In August 2009, the trial court heard arguments on the issue of monetary fines and that day entered judgment against the Siwinskis in the amount of $40,000 plus costs, plus interest at the rate of 8% per annum. In March 2010, the Court of Appeals reversed the trial court's decision and remanded with instructions that the trial court enter summary judgment in favor of the Siwinskis. We granted transfer. We hold the Siwinskis impermissibly rented their dwelling in violation of the Town's ordinances. We further hold the fine for violating this ordinance should not have exceeded $32,500. We remand to the trial court to enter judgment against the Siwinskis and to impose a fine of not more than $32,500.

---

[1] During the preceding two years procedural issues played out, with both parties filing various motions in the trial court, as well as various filings that attempted to remove the matter to the U.S. District Court in Hammond.

2

## I.  Summary Judgment

When we review a trial court's decision to grant or deny summary judgment, we apply the same standard as the trial court.  Bank of New York v. Nally, 820 N.E.2d 644, 648 (Ind. 2005).  We must decide if there is a genuine issue of material fact and if the moving party is entitled to judgment as a matter of law.  Ind. Trial Rule 56(C); Carie v. PSI Energy, Inc., 715 N.E.2d 853, 855 (Ind. 1999).  If the parties have filed cross–motions for summary judgment, then we consider each motion individually to determine if the moving party is entitled to summary judgment, while construing the facts most favorably to the nonmoving party in each matter.  Young v. City of Franklin, 494 N.E.2d 316, 317 (Ind. 1986).  The review of summary judgment is limited to the materials designated to the trial court.  Ind. T.R. 56(H); Fraternal Order of Police, Lodge No. 73 v. City of Evansville, 829 N.E.2d 494, 496 (Ind. 2005).  In resolving the matter, the Court will accept as true the facts established by evidence in favor of the nonmoving party while resolving all doubts against the moving party.  Nally, 820 N.E.2d 644, 648 (Ind. 2005).

Whenever, as here, the facts are not in dispute and our only duty is the interpretation of an ordinance, the appeal presents a pure issue of law reserved for the courts.  Story Bed & Breakfast, LLP v. Brown County Area Plan Comm'n, 819 N.E.2d 55, 65 (Ind. 2004).   When the issue on appeal is a pure question of law, we review the matter de novo.  State v. Moss-Dwyer, 686 N.E.2d 109, 110 (Ind. 1997).

## II.  Ordinance

No issue of material fact exists between the Siwinskis and the Town.  The ordinances are our sole focus in deciding this dispute.  The ordinance at issue defines permitted uses in a Residential District as follows:

> In an R District, no building or premises shall be used and no building shall be erected which is arranged, designed or intended to be used for other than one or more of the following specified uses:  (1) single-family dwellings; (2) accessory buildings or uses; (3) public utility buildings; (4) semi-public uses; (5) essential services; (6) special exception uses permitted by this Zoning Code.[2]

---

[2] Neither party raises any special exception to permit the Siwinskis' use.  Our review of the record and ordinance does not provide any further special exceptions that would allow for the Siwinskis' use.

Town Code of the Town of Ogden Dunes, Indiana § 152.032(B).

A single-family dwelling is defined as, "A separate detached building designed for and occupied exclusively as a residence by one family." Id. § 152.002. This Court uses the same methodology to interpret ordinances as it does to interpret statutes. 600 Land, Inc. v. Metro. Bd. of Zoning Appeals of Marion County, 889 N.E.2d 305, 309 (Ind. 2008). The first step in statutory interpretation is determining if the legislature has spoken clearly and unambiguously on the point in question. Rheem Mfg. Co. v. Phelps Heating & Air Conditioning, Inc., 746 N.E.2d 941, 947 (Ind. 2001). If a statute is clear and unambiguous on its face, no room exists for judicial construction. Poehlman v. Feferman, 717 N.E.2d 578, 581 (Ind. 1999). However, if a statute contains ambiguity that allows for more than one interpretation, it opens itself up to judicial construction to effect the legislative intent. Amoco Prod. Co. v. Laird, 622 N.E.2d 912, 915 (Ind. 1993).

If possible, every word must be given effect and meaning, and no part should be held to be meaningless if it can be reconciled with the rest of the ordinance. Spaulding v. Int'l Bakers Serv., Inc., 550 N.E.2d 307, 309 (Ind. 1990). We are not at liberty to construe a facially unambiguous statute. Superior Constr. Co. v. Carr, 564 N.E.2d 281, 284 (Ind. 1990). However, if ambiguity exists, it is then open to construction to effect the intent of the legislature. P.B. v. T.D., 561 N.E.2d 749, 750 (Ind. 1990). Where ambiguity exists, to help determine the framers' intent, we must consider the statute in its entirety, and we must construe the ambiguity to be consistent with the entirety of the enactment. Hinshaw v. Bd. of Commissioners of Jay County, 611 N.E.2d 637, 639 (Ind. 1993). It is of the utmost importance to consider the ambiguous section within the scope of the entire Act, as that allows us to better understand the reasons and policies underlying the Act. Simon v. Auburn Bd. of Zoning Appeals, 519 N.E.2d 205, 211 (Ind. Ct. App. 1988).

We should also remember a cardinal rule of statutory construction, which is to "ascertain the intent of the drafter." State v. Carmel Healthcare Mgmt., Inc., 660 N.E.2d 1379, 1386 (Ind. Ct. App. 1996), trans. denied. We can ascertain intent "by giving effect to the ordinary and plain meaning of the language used." Clifft v. Ind. Dep't of State Revenue, 660 N.E.2d 310, 316 (Ind. 1995).

4

The Town of Ogden Dunes, like most of Indiana's municipalities, incorporates zoning ordinances to help shape and mold the community in a manner consistent with the wishes of its residents and the goals of its elected officials. In fact, the Town states that the ordinances provide for "the minimum standards for land use, land development and building standards for the protection of life, health, environment, public safety and general welfare of the community." Town Code of the Town of Ogden Dunes § 152.001(B). Our State has recognized that the purpose of zoning ordinances is "to confine certain classes of uses and structures to designated areas." Ragucci v. Metro. Dev. Comm'n of Marion County, 702 N.E.2d 677, 679 (Ind. 1998). It is clear that the Town intended to have certain classes of uses in designated areas, by designating a Residential District and a Commercial District in its ordinances.

In the Residential District where the Siwinskis' home is located, the only permissible uses of a building are (1) single-family dwellings, (2) accessory buildings or uses, (3) public utility buildings, (4) semi-public uses, (5) essential services, or (6) special exception uses permitted by this zoning code. Town Code of the Town of Ogden Dunes § 152.032. Of these applicable uses, the only relevant use of the Siwinskis' home is as a single-family dwelling. Therefore, we must determine the definition of single-family dwelling. The Town's ordinances define a single family dwelling as "a separate detached building designed for and occupied *exclusively as a residence by one family*." Id. § 152.002 (emphasis added).

From our reading of the definition, the critical phrase to interpret is "exclusively as a residence by one family." The Siwinskis interpret the phrase to mean that "exclusively as a residence" does not prohibit them from renting their home to multiple families. The Siwinskis argue the home is still used for things such as eating and sleeping and other things typically associated with a family residence. Furthermore, the Siwinskis interpret "by one family" to mean one family at a time, as opposed to multiple families living in a home at the same time. Conversely, the Town argues the phrase "exclusively as a residence by one family" suggests a dwelling intended to be used by only one family as a residence, and not rented to another family for a profit. The Town argues the Siwinskis are not exclusively using the residence, as they are sometimes using the residence and other times renting out the residence for profit.

5

We agree with the trial court's interpretation of the ordinances. The definition section of the ordinances, defines dwelling as "a building which is to be occupied exclusively for living purposes." Town Code of the Town of Ogden Dunes § 152.002. To us, this definition stands out in stark contrast to the definition of the single-family dwelling, which is a building to be occupied "exclusively as a residence by one family." Id. The ordinances also provide a third definition of dwelling, that of the multiple dwelling, defined as "an apartment house or apartment building." Id. It is clear and unambiguous that the town defines three types of dwellings, only one of which is allowed in a Residential District—the single-family dwelling. The multiple dwelling, otherwise noted as an Apartment House, is not allowed in the Residential District.

We find that the Town's ordinance is not ambiguous. We find that the ordinance facially states the Residential District shall have single-family dwellings, which are dwellings occupied exclusively as a residence by one family. We find no ambiguity here. We find the ordinance clearly forbids the renting of a home in the Residential District.

Notwithstanding the plain language, if we look at the ordinance as a whole to put context around the Residential District and Single-Family Dwelling definitions, our outcome is the same. We have previously discussed the unambiguous language of permitted uses in the Town's Residential District. However, in a comprehensive analysis of the ordinances as a whole, we look for further definitions to assist our analysis. Through the Town's ordinances, it has created a commercial district and it defines commercial activity as "[a]ny activity conducted for profit or gain." Town Code of the Town of Ogden Dunes § 152.002. In determining if the Siwinskis' rental of their home was a commercial or residential use, we are guided by the Town ordinance definitions. The Siwinskis were advertising their lakefront home on the internet. The Siwinskis entered into a contract with the renters of their home titled "Rental Rules and Regulations for 126 Shore Drive, Ogden Dunes, Indiana 46368." This rental agreement between the Siwinskis and their renters included items such as "A deposit of $500 is required to be received by us in order to secure your reservation." And item 6 of the rental agreement was titled Payment, and stated, "Full payment is due seven (7) days prior to your arrival. Please FedEx a cashier's check made payable to:" and proceeded to list their name and home address. We believe the definition of "commercial" further resolves this matter. The rental activity undertaken by the Siwinskis

6

was conducted for profit or gain. The Residential District does not provide for commercial or business activity.

Finally, the stated intent of the Residential District is to "provide for a stable environment for dwelling uses." Town Code of the Town of Ogden Dunes § 152.032. In addition, by creating separate residential zones and commercial zones, the Town creates unique districts.

It makes sense that Ogden Dunes, a small, quiet, lakeshore town on Lake Michigan, would not want renters overwhelming its residential district during the summer lake season. By allowing for only single-family dwellings in its residential district, the Town has made a conscious decision to forbid its residents from renting their homes. Ogden Dunes is unique in Indiana in that it is a beachfront community and is completely surrounded by the Indiana Dunes National Lakeshore. The residents are able to determine the use of their town's land through the zoning ordinances, and they intended to keep the unique nature of a small residential beach community intact by not allowing for rental property in their residential district. Should the town, by its elected officers, choose to modify the ordinances, it is its prerogative.

The trial court correctly held that the Siwinskis' rentals of their dwelling was not a single family use as allowed in the Residential District because the dwelling was not occupied exclusively by one family. The Town is entitled to summary judgment as a matter of law. We now turn to the fine levied against the Siwinskis.

### III. Fine

After a hearing, the trial court imposed a fine and entered judgment in the amount of $40,000 against the Siwinskis. The Siwinskis contend that this fine contravenes Indiana Code section 36-1-3-8, which limits the amount of a judgment of an ordinance violation. The applicable statute is as follows:

(a) Subject to subsection (b)[3], a unit[4] does not have the following:

---

[3] Subsection (b) applies to townships and is not applicable to the facts before us.

[4] A unit is defined as "county, municipality, or township." Ind. Code § 36-1-2-23 (2007). Furthermore, municipality means "city or town." Ind. Code § 36-1-2-11 (2007). Therefore, the Town of Ogden Dunes is a unit for purposes of prescribing a fine under Indiana Code section 36-1-3-8.

7

(10) The power to prescribe a penalty of a fine as follows:

(A) More than ten thousand dollars ($10,000) for the violation of an ordinance or a regulation concerning air emissions adopted by a county that has received approval to establish an air program under IC 13-17-12-6.

(B) For a violation of any other ordinance:

(i) more than two thousand five hundred dollars ($2,500) for a first violation of the ordinance; and

(ii) except as provided in subsection (c)[5], more than seven thousand five hundred dollars ($7,500) for a second or subsequent violation of the ordinance.

Ind. Code § 36-1-3-8 (2007).

Indiana Code section 36-1-3-8 was amended in 2005 and added subsection (ii), "except as provided in subsection (c), more than seven thousand five hundred dollars ($7,500) for a second or subsequent violation of the ordinance." P.L. 200-2005, Sec. 4. This issue requires statutory interpretation. The first step of statutory interpretation is determining if the legislature has spoken clearly and unambiguously on the point in question. St. Vincent Hosp. and Health Care Ctr., Inc. v. Steele, 766 N.E.2d 699, 703-704 (Ind. 2002). A statute is unambiguous if there is no more than one interpretation. Elmer Buchta Trucking, Inc. v. Stanley, 744 N.E.2d 939, 942 (Ind. 2001). We presume the legislature intended its logical application of the language used, so as to avoid an unjust result. Bolin v. Wingert, 764 N.E.2d 201, 204 (Ind. 2002). This Court will not construe an ordinance "so as to defeat its purposes 'if it is sufficiently definite to be understood with reasonable certainty.'" Fulton County Advisory Plan Comm'n v. Groninger, 810 N.E.2d 704, 708–709 (Ind. 2004) (quoting Burrell v. Lake County Plan Comm'n, 624 N.E.2d 526, 529 (Ind. Ct. App. 1993), trans. denied.)

While Dierckman v. Area Planning Comm'n of Franklin County, Ind., 752 N.E.2d 99 (Ind. Ct. App. 2001), trans. denied, was decided prior to the 2005 amendment, we still find its holding constructive in our statutory interpretation. In Dierckman, the statute in effect at that time provided a municipality did not have the power to prescribe a penalty of more than Two Thousand Five Hundred Dollars ($2,500.00) for an ordinance violation. Id. at 106. Dierckman

[5] Subsection (c) refers to traffic or parking violations. It is not applicable here.

8

held the code section "prohibits [a municipality] from charging more than $2,500 for an ordinance violation. The provision does not make $2,500 the maximum aggregate penalty or otherwise limit a county's power to fine an offender for each of multiple offenses." Id. at 106.

The Siwinskis argue that the 2005 amendment was in response to the Dierckman decision. However, the 2005 amendment did not limit, nor did it address aggregate liability. If that were the case, the statute would be written "second *and any* subsequent *violations* of the ordinance." As written, the statute is not ambiguous. The statute does not address aggregate liability. The first offense of an ordinance violation is a fine of not more than $2,500. The second offense of an ordinance violation is a fine of not more than $7,500. A subsequent offense of an ordinance violation is a fine or not more than $7,500, and so forth. Since the Siwinskis rented out their home on five occasions, their fine could add up as follows: (1) $2,500, (2) $7,500, (3) $7,500, (4) $7,500, and (5) $7,500 for a total of $32,500. We hold that pursuant to Indiana Code section 36-1-3-8 the maximum fine is $32,500.

We also note that the trial court entered into evidence a stipulation that the Siwinskis received $16,559 in rental income for those five rentals which average more than $487 a night. The Town requested its attorney fees, and the trial court judge presumably granted its request for $23,100 in attorney fees when it entered a total fine of $40,000. The Town requested a fine of at least $39,659 which it arrived at from $16,559 in profit the Siwinskis made and $23,100 in its own attorney fees. We note, however, that Indiana follows the "American Rule," whereby parties are required to pay their own attorney fees "absent an agreement between the parties, statutory authority, or other rule to the contrary." Smyth v. Hester, 901 N.E.2d 25, 32 (Ind. Ct. App. 2009). There is no agreement between the parties regarding attorneys fees, and there is no statute or ordinance which entitles the Town to a reward of its attorney fees. Therefore, any award of attorney fees in this case is in violation of statutory authority.

9

## Conclusion

We hold that the Siwinskis impermissibly rented their house in violation of the local Town Ordinances. We affirm the trial court's granting of summary judgment in favor of the Town of Ogden Dunes. We remand to the trial court to enter summary judgment in favor of the Town of Ogden Dunes and to determine the fine in accordance with Indiana Code section 36-1-3-8 of no more than $32,500 against the Siwinskis.

Shepard, C.J., and Dickson, JJ., concur.

Rucker, J., concurs in result with separate opinion.

Sullivan, J., dissents, believing the analysis of the Court of Appeals in this case to be correct.

**Rucker, Justice, concurring in result.**

I agree that the trial court's grant of summary judgment should be affirmed. However, I do so for reasons slightly different from those of the majority.

Throughout this litigation the focus of Ogden Dunes' contention was that the Siwinskis were renting their property for less than thirty days and that this was in derogation of the ordinance governing the Residential District in which their property was located. Ogden Dunes' complaint focused on this contention, see App. at 34, as did its motion for summary judgment, see App. at 85. Indeed the heading on the discussion section of the trial court's order granting Ogden Dunes' motion for summary judgment reads "The Town of Ogden Dunes is entitled to summary judgment because short-term rentals are not permitted use for property in the residential district under the Town ordinance." App. at 12.

In essence, from the vantage point of both parties, at issue in this case was whether short-term leases were prohibited under the Residential District classification of the ordinance. As the Court of Appeals pointed out, "the Ordinance does not expressly prohibit short-term rentals, but merely restricts the use of property in an R [Residential] District to that of a single-family dwelling . . . ." Siwinski v. Town of Ogden Dunes, 922 N.E.2d 751, 755 (Ind. Ct. App. 2010). I agree with the Court of Appeals. Thus, in my view the trial court's grant of summary judgment cannot be sustained on these grounds. I would also note that if it so chooses Ogden Dunes can amend its Ordinance to prohibit specifically short-term leases in a residential district.

Nonetheless, "a reviewing court can affirm a trial court's grant of summary judgment on any theory the Trial Rule 56 materials support." Estate of Mintz v. Conn. Gen. Life Ins. Co., 905 N.E.2d 994, 999 (Ind. 2009). In this case the evidence before the trial court demonstrates that by renting their home the Siwinskis were engaged in an "activity conducted for profit or gain." App. at 39. But this activity is permitted only in the Commercial District of Ogden Dunes, not the Residential District in which the Siwinskis' property was located. The Siwinskis were thus in violation of the Ordinance. On this ground I would affirm the trial court's grant of summary

judgment. Therefore, on this point I concur in result with the majority opinion. In all other respects I fully concur.