Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Mar 06 2012, 8:40 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANTS:

**ERIC A. FREY**
Frey Law Firm
Terre Haute, Indiana

ATTORNEYS FOR APPELLEES:

**WILLIAM W. DRUMMY**
**HOLLY A. REEDY**
Wilkinson, Goeller, Modesitt,
Wilkinson & Drummy, LLP
Terre Haute, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

DARRICK SCOTT and PAUL A. WATSON, )
)
    Appellants-Plaintiffs, )
)
        vs. )    No. 84A01-1108-PL-337
)
CITY OF TERRE HAUTE, et al., )
)
    Appellees-Defendants. )

APPEAL FROM THE VIGO SUPERIOR COURT
The Honorable Robert E. Springer, Special Judge
Cause No. 84D02-0712-PL-12953

**MARCH 6, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BARTEAU, Senior Judge**

## STATEMENT OF THE CASE

Darrick Scott and Paul A. Watson appeal the trial court's grant of summary judgment in favor of the City of Terre Haute, Kevin Burke, James Utz, William Lower, Jeff Perry, Thomas Roberts, Danielle Merkle, Robert Murray, and the Terre Haute Fire Department Merit Commission (collectively, "the City"). We affirm.

## ISSUES

Scott and Watson raise two issues, which we consolidate and restate as: whether the trial court erred by granting the City's motion for summary judgment. In addition, the City raises several cross-appeal issues, which we restate as:

I. Whether Scott and Watson have standing to pursue this lawsuit.

II. Whether this Court should disregard as untimely documents Scott and Watson filed in opposition to the City's motion for summary judgment.[1]

## FACTS AND PROCEDURAL HISTORY

At all times relevant to this case, Scott and Watson were employed by the City's fire department. In 2002, the City adopted an ordinance establishing a Fire Department Merit Commission ("the Commission") and a merit system to govern promotions and demotions in the fire department. The ordinance provided that the chief of the fire department has the authority to appoint firefighters to temporary executive assistant positions, including that of "battalion chief," to assist the chief in carrying out his or her executive duties. Appellants' App. p. 42.

---

[1] The City also argues that Scott and Watson have waived their arguments on appeal by failing to include appropriate citations to the record in their Appellants' Brief, in violation of Indiana Appellate Rule 46(A)(8). We determine that the Appellants' Brief adequately complies with Rule 46(A)(8) and decline to address the matter further.

On December 16, 2003, the Commission approved Scott and Watson's promotions to the rank of "merit captain." *Id.* at 172-74. Firefighters who had been promoted to the rank of captain prior to the implementation of the merit system retained that rank, but Scott and Watson were the only merit captains in the fire department from 2003 through most of 2007.

In 2004, the City amended the merit system ordinance as follows, in relevant part:

The Chief shall have general charge of the daily operations of the department and may, with the approval of the Executive and funding by the fiscal body, appoint any number of executive assistants who shall hold the temporary rank and title of ASSISTANT CHIEF and/or BATTALION CHIEF, TRAINING CHIEF, CHIEF MECHANIC, SAFETY DIRECTOR AND EMS/HAZMAT COORDINATOR, as the Chief deems necessary to allow for the efficient discharge of executive duties. The Chief shall select "BATTALION CHIEFS" from among those holding the permanent ~~merit~~ rank of no lower than Captain in the department <u>and meeting the standards determined by the Fire Merit Commission which shall be established and enforced no later than June 30, 2006</u>. All executive assistants shall be temporary, and each executive assistant shall retain their former rank, unless promoted in accordance with this personnel system.

*Id.* at 22 (capitalizations, strikethrough indicating deletion, and underline indicating addition, in original). The record does not indicate whether the Commission enacted the standards required by the ordinance for the position of battalion chief.

After Scott and Watson were promoted to merit captains, the fire chief did not appoint them to serve as battalion chiefs. Instead, on October 22, 2007, the City's Board of Public Works and Safety appointed ten other firefighters to the "permanent rank of Battalion Chief." *Id.* at 27. Nine of the ten appointments were retroactively effective, some taking effect as of January 1, 2004. None of the appointed firefighters were merit captains.

3

On December 20, 2007, Scott and Watson filed a civil complaint, alleging that the City's October 22, 2007 appointments of the ten firefighters to the position of battalion chief were illegal and circumvented the merit system. Scott and Watson asserted that as merit captains, they were the only persons qualified to hold the position of battalion chief and should have been appointed to those posts. Consequently, Scott and Watson asked the trial court to invalidate the October 22, 2007 appointments, declare Scott and Watson to be battalion chiefs as of January 1, 2004, and award them all appropriate back pay.

On February 25, 2008, the Board of Public Works and Safety rescinded its ten battalion chief appointments. On June 26, 2008, the City filed a motion for summary judgment. The trial court instructed Scott and Watson to respond on or before August 15, 2008. Meanwhile, the parties attempted to mediate their dispute but were unsuccessful. On June 15, 2011, Scott and Watson filed a motion for partial summary judgment as to liability and a response in opposition to the City's motion for summary judgment. The City filed a response to Scott and Watson's motion for partial summary judgment.

On July 11, 2011, the trial court granted the City's motion for summary judgment without holding a hearing. This appeal followed.

DISCUSSION AND DECISION

I. STANDING

The City contends that Scott and Watson lack standing to challenge the City's appointment of battalion chiefs. Scott and Watson respond that they have been harmed because they are the only qualified candidates for the position of battalion chief but have been illegally overlooked because the City did not follow its merit system rules.

4

The judicial doctrine of standing focuses on whether the complaining party is the proper party to invoke the court's power. *Founds. of E. Chicago, Inc. v. City of E. Chicago*, 927 N.E.2d 900, 903 (Ind. 2010), *clarified on reh'g*, 933 N.E.2d 874 (2010). The question of whether a party has standing is generally one of law, not fact. *Knox Cnty. Council v. Sievers*, 895 N.E.2d 1263, 1268 (Ind. Ct. App. 2008). It is generally insufficient that a plaintiff merely has a general interest common to all members of the public. *Founds. of E. Chicago*, 927 N.E.2d at 903. Standing requires that a party have a personal stake in the outcome of the lawsuit and must show that he or she has sustained or was in immediate danger of sustaining some direct injury as a result of the conduct at issue. *Id.*

In this case, Scott and Watson alleged that, pursuant to the Fire Department's merit system, they were the only firefighters eligible to serve as battalion chiefs, but the City, through its officials and boards, illegally disregarded their qualifications and appointed unqualified persons to serve as battalion chiefs. Scott and Watson further alleged that they have suffered lost wages as a result of being illegally passed over for the position. We conclude that Scott and Watson have a stake in the outcome of the lawsuit and have alleged direct injury. Consequently, they have standing to bring this suit.

## II. UNTIMELY RESPONSE TO SUMMARY JUDGMENT MOTION

The City next contends that this Court should disregard Scott and Watson's brief in opposition to the City's motion for summary judgment, designation of evidence, and reply brief in opposition to the City's supplemental designation of evidence because those documents were untimely filed. Scott and Watson respond that the trial court granted

5

them an extension of time to respond to the City's summary judgment motion, and that as a result, their summary judgment documents were timely filed and are appropriate for consideration on appeal.[2]

Indiana Trial Rule 56(C) provides, "An adverse party shall have thirty (30) days after service of the motion to serve a response and any opposing affidavits." In addition, a trial court "may alter any time limit set forth in this rule upon motion made within the applicable time limit." Ind. Trial Rule 56(I). A trial court may exercise discretion and alter time limits under Trial Rule 56(I) only if the nonmoving party has responded or sought an extension within thirty days from the date the moving party filed for summary judgment. *Desai v. Croy*, 805 N.E.2d 844, 850 (Ind. Ct. App. 2004), *trans. denied.* Furthermore, where a nonmoving party fails to respond to a motion for summary judgment within thirty days by either (1) filing affidavits showing issues of material fact, (2) filing his or her own affidavit under Rule 56(F) indicating why the facts necessary to justify opposition are unavailable, or (3) requesting an extension of time in which to file his or her response under 56(I), the trial court lacks discretion to permit that party to thereafter file a response. *Id.*

In this case, the City filed its motion for summary judgment on June 26, 2008. On June 30, 2008, the trial court sua sponte extended Scott and Watson's deadline by ordering them to file a response on or before August 15, 2008. Scott and Watson did not file a response or a motion for extension of time before that deadline elapsed. Instead,

---

[2] Based on the record before us, we are unable to determine whether the trial court reviewed Scott and Watson's brief in opposition to the City's motion for summary judgment, designation of evidence, and reply brief in opposition to the City's supplemental designation of evidence. It is also unclear whether the trial court reviewed Scott and Watson's motion for partial summary judgment.

Scott and Watson filed their response, and a motion for partial summary judgment, on June 15, 2011, almost three years after the response deadline had expired. Thus, their summary judgment documents were untimely filed.

Scott and Watson assert that the trial judge had recused himself from the case the day after setting the August 15, 2008 deadline, so there would have been no judge to consider a response or a motion for extension. This assertion is unavailing because Indiana Trial Rule 56(I) requires only that a request for an extension be filed prior to the deadline, not that the request be ruled upon before the deadline. Scott and Watson further argue that the parties were mediating the case during the three-year gap, and it would have been unreasonable to continue to litigate the matter while the parties pursued settlement. We reject this argument because Scott and Watson could have filed a motion for extension of time, or a motion to stay summary judgment proceedings, prior to the August 15, 2008 deadline. Finally, Scott and Watson contend that a special judge accepted jurisdiction over the matter in 2011 and granted them an extension of time to file their summary judgment materials. Indiana Trial Rule 56(I) provides that a trial court may alter the summary judgment deadline only if a party requests an extension prior to the summary judgment deadline, so their contention is without merit.

That Scott and Watson's response and designation of evidence were attached to a motion for partial summary judgment is of no consequence. Although Indiana Trial Rule 56(A) allows a claimant to move for summary judgment "after the expiration of twenty [20] days from the commencement of the action or after service of a motion for summary judgment by the adverse party," Scott and Watson may not bypass established rules of

7

trial procedure by including their own motion for summary judgment with their response. "Doing so would render meaningless Trial Rule 56(C)'s time limit of thirty days and allow litigants to respond to summary judgment motions at their leisure so long as they also included their own motion." *Life v. F.C. Tucker Co., Inc.*, 948 N.E.2d 346, 351 (Ind. Ct. App. 2011).

We conclude that Scott and Watson's documents filed in response to the City's motion for summary judgment were untimely filed and that the trial court lacked the discretion to consider them. *See Desai*, 805 N.E.2d at 850 (determining that the trial court erred by allowing a party to belatedly file affidavits in response to a motion for summary judgment). Consequently, we shall not consider those documents in our review of the trial court's grant of summary judgment to the City.

### III.  GRANT OF SUMMARY JUDGMENT TO THE CITY

We review an appeal from summary judgment de novo. *Neu v. Gibson*, 928 N.E.2d 556, 559 (Ind. 2010). Summary judgment is proper when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). We view the pleadings and designated materials in the light most favorable to the nonmovant. *Friedline v. Shelby Ins. Co.*, 774 N.E.2d 37, 39 (Ind. 2002). The moving party bears the burden of making a prima facie showing that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. *Dreaded, Inc. v. St. Paul Guardian Ins. Co.*, 904 N.E.2d 1267, 1270 (Ind. 2009). Once the movant satisfies the burden, the burden then shifts to the nonmoving party to designate and produce evidence of facts showing the existence of a genuine issue of

material fact. *Id.* The party appealing the grant of summary judgment has the burden of persuading this Court that the trial court's ruling was improper. *Uniontown Retail No. 36, LLC v. Bd. of Comm'rs of Jackson Cnty.*, 950 N.E.2d 332, 337 (Ind. Ct. App. 2011), *trans. denied.*

Here, Scott and Watson asserted a claim for declaratory relief, asking the trial court to: (1) void the Board of Public Works and Safety's October 22, 2007 appointment of ten firefighters to the position of battalion chief; and (2) order the City "to promote the plaintiffs, retroactively to January 1, 2004 as Battalion Chiefs." Appellants' App. p. 18. The Board of Public Works and Safety rescinded the ten appointments on February 25, 2008. Thus, the first aspect of their claim is moot. We must determine whether there is a dispute of material fact as to Scott and Watson's demand to be appointed as battalion chiefs.

To resolve Scott and Watson's claim, we must interpret and apply the governing ordinance. This Court uses the same methodology to interpret ordinances as it does to interpret statutes. *Siwinski v. Town of Ogden Dunes*, 949 N.E.2d 825, 828 (Ind. 2011). The first step in statutory interpretation is determining if the promulgating authority has spoken clearly and unambiguously on the point in question. *Id.* If a statute is clear and unambiguous on its face, no room exists for judicial construction. *Id.*

Here, the ordinance governing the selection of battalion chiefs, as amended in 2004, provides that the chief of the fire department may appoint executive assistants, including battalion chiefs, "to allow for the efficient discharge of executive duties." Appellants' App. p. 22. All executive assistant posts are "temporary." *Id.* Subject to the

9

approval of the "Executive," the chief may select any firefighter to serve as battalion chief so long as the selected individual holds the rank of no lower than captain and meets the Commission's standards.[3] *Id.*

It is clear from the plain language of the ordinance that the position of battalion chief is not subject to the merit system of promotion and demotion. Instead, the post is temporary, and a battalion chief assists the chief in carrying out executive duties. The chief selects battalion chiefs at his or her discretion, subject only to the approval of the Executive. Thus, a firefighter has no right under the ordinance to be appointed to serve as a battalion chief, even if he or she meets the requirements of the position, because the appointment is discretionary.

Scott and Watson do not allege that the City's failure to appoint them to serve as battalion chiefs violated their rights under any provision of the federal or state constitutions or violated any federal or state statute. Instead, they simply argue that the City is obligated to appoint them as battalion chiefs due to their merit ranks, their training, and their experience. Given that there is no right under the merit system to be appointed battalion chief, and Scott and Watson do not allege that they have been discriminated against by any fire chief or other city official, they are not entitled to be appointed as battalion chiefs as a matter of law. *See Kaser v. Barker*, 811 N.E.2d 930, 932-33 (Ind. Ct. App. 2004) (affirming the grant of summary judgment against a police

---

[3] Scott and Watson point out that under the previous version of the ordinance, only captains with merit rank were qualified to serve as battalion chiefs, and that they were the only merit captains during the time period relevant to this case. However, it is undisputed that the 2004 amendment deleted the merit rank requirement. Scott and Watson fail to explain why the previous version of the ordinance, rather than the version that took effect in 2004, should apply here.

officer who was passed over for promotion to lieutenant because promotion was not mandatory under the terms of the governing merit ordinance), *trans. denied*.

Scott and Watson argue that the Board of Public Works and Safety's decision to rescind the ten appointments of other firefighters to the position of battalion chief is a binding admission of liability. This argument is not supported by precedent. An attorney can make an admission to a trial court that is binding upon his or her client. *Hockett v. Breunig*, 526 N.E.2d 995, 998 (Ind. Ct. App. 1988). A statement which contains ambiguities or doubt is not to be regarded as a binding admission. *See Maldonado v. Gill*, 502 N.E.2d 1371, 1372 (Ind. Ct. App. 1987), *trans. denied*. Here, the Board of Public Works and Safety rescinded the appointments during the normal course of business, not during a court proceeding. Furthermore, the Board, not its attorney, rescinded the appointments. Finally, the Board did not admit that the appointments were in any way erroneous. Therefore, the Board's action does not constitute an admission of liability.

Scott and Watson's claim for declaratory relief must fail, and the trial court did not err by granting summary judgment to the City.[4]

## CONCLUSION

For the reasons stated above, we affirm the judgment of the trial court.

Affirmed.

ROBB, C.J., and MAY, J., concur.

---

[4] Scott and Watson also assert a claim for unpaid back wages. That claim is contingent upon their request for declaratory relief. Because we have determined that the trial court properly granted summary judgment on their request for declaratory judgment, their claim for unpaid back wages also fails to survive summary judgment.

11