# FOR PUBLICATION

ATTORNEYS FOR APPELLANT:

**JAY P. KENNEDY**
**STEVEN E. RUNYAN**
Kroger, Gardis & Regas, LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**ADAM S. MEARS**
Mears Law, LLC
Indianapolis, Indiana

**RYAN M. SPAHR**
Spahr Law Office, LLC
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MOBILE HOME MANAGEMENT INDIANA, LLC, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 32A04-1401-MI-6 |
| | ) | |
| AVON VILLAGE MHP, LLC, | ) | |
| | ) | |
| Appellee-Plaintiff, | ) | |
| | ) | |
| STATE OF INDIANA BUREAU OF MOTOR VEHICLES, TREASURER OF HENDRICKS COUNTY INDIANA, | ) | |
| | ) | |
| Appellees-Defendants. | ) | |

FILED
Sep 03 2014, 10:32 am

CLERK
of the supreme court,
court of appeals and
tax court

APPEAL FROM THE HENDRICKS SUPERIOR COURT
The Honorable Stephanie D. LeMay-Luken, Judge
Cause No. 32D05-1308-MI-171

**September 3, 2014**

**OPINION - FOR PUBLICATION**

**ROBB, Judge**

## Case Summary and Issue

Mobile Home Management Indiana, LLC ("MHMI") appeals the trial court's summary judgment grant in favor of Avon Village MHP ("New Avon"), awarding New Avon ownership and title to seventeen mobile homes obtained through an auction. MHMI appeals, raising four issues for our review, one of which we find dispositive: whether New Avon complied with the timing requirements of Indiana Code section 9-22-1.5-1 et seq. in acquiring several mobile homes through an auction process. Concluding New Avon did not comply with the statutes, we reverse and remand for judgment to be entered in favor of MHMI.

## Facts and Procedural History[1]

In 2010, Bank of America began the foreclosure process against Avon Village, Inc., Avon Village Investors, LLC, and Avon Home Leasing, LLC ("Avon Leasing") (collectively, "Old Avon"). The foreclosed property was used as a mobile home park, and several mobile homes were on the property at the time of the foreclosure proceedings. Avon Leasing owned many of the disputed mobile homes at the time. Cocke, Finkelstein Inc. was appointed as receiver over the real estate. The real estate was sold at a sheriff's sale to Special Services Asset Management Company on August 2, 2011. New Avon then

---

[1] We held oral argument on August 14, 2014. We thank counsel for their advocacy.

purchased the real estate from Special Services Asset Management on December 15, 2011. New Avon did not purchase the mobile homes that were on the real estate, and the foreclosure did not affect their ownership. In March and April of 2012, New Avon signed lot leases with tenants in seven mobile homes at issue in this case. The lot leases entitled the tenants to live in their respective mobile homes on the property; the agreements were not for the use of the mobile homes.

New Avon next acted to obtain ownership of the mobile homes. It searched bureau of motor vehicle records to identify recorded owners of the mobile homes, and then sent a notice by certified mail, with return receipt requested, ("First Notice") to Avon Leasing, the recorded owner of the disputed mobile homes, pursuant to Indiana Code section 9-22-1.5-3 dated May 29, 2012 and postmarked May 30. The notice read in part:

> This letter is to advise you that the Manufactured Home described above will be considered abandoned and subject to sale by the undersigned if the home is not removed within thirty (30) days of the date of this notice.

Appendix at 218. Avon Leasing received the notices on or about June 4.

New Avon sent a second notice by certified mail, with return receipt requested, ("Second Notice") dated June 13 to Avon Leasing under Indiana Code section 9-22-1.5-4(2). The Second Notice read, in part:

> This letter is to advise you that per the Indiana Bureau of Motor Vehicles' records division, you are the current owner of record of a . . . manufactured home . . . currently residing . . . [at] Avon Village Mobile Home Park . . . Please be advised that this home is considered abandoned and must be removed by Thursday, June 28, 2012. If all past due charges are not paid and if the home is not removed by June 28, 2012, the home will be advertised for sale and offered for sale at public auction. Such auction will be held:
> Date:          July 9, 2012
> Time:          1:00pm

3

Address: 235 Avon Village Dr., Office, Avon, IN 46123

App. at 249. New Avon then advertised the auction in the Hendricks County Flyer newspaper once per week, for two consecutive weeks, as required by Indiana Code section 9-22-1.5-4(3). New Avon held the auction on July 9 and acquired seventeen mobile homes through the sale.[2] New Avon did not submit any information to the BMV to transfer title.

On July 15, 2013, MHMI purchased twenty-one mobile homes in the park from Avon Leasing (including the seventeen New Avon claims an ownership interest in) and sent a letter to New Avon on July 23 informing it of MHMI's claimed ownership rights. Avon Leasing gave a bill of sale and the original Indiana Certificate of Title for each of the units to MHMI, executed in its favor, free of all liens. MHMI presented to the Treasurer of Hendricks County a packet for each of the units to have new Certificates of Title issued. A representative of New Avon also contacted the Treasurer and asserted an ownership interest in the units. The Treasurer took no further steps to issue new titles while there was disputed ownership.

On August 2, 2013, New Avon filed its Complaint for Declaratory Judgment to declare it the rightful owner of the disputed mobile homes. MHMI counterclaimed, also requesting it be deemed the rightful owner of the disputed mobile homes. MHMI also requested an order directing New Avon to surrender the mobile homes to MHMI and to recover all rents collected by New Avon for the time period after MHMI acquired the titles to the units. On October 15, New Avon and MHMI filed cross-motions for summary

---

[2] There were no bidders at the auction, so ownership and title automatically reverted to New Avon, the property owner. Ind. Code § 9-22-1.5-4(7), § 9-22-1.5-5.

judgment as to who was the rightful owner. On December 18, 2013, after a hearing, the trial court granted New Avon's motion for summary judgment and denied MHMI's motion for summary judgment. MHMI now appeals.

## Discussion and Decision

### I. Standard of Review

We review a summary judgment order de novo. Neu v. Gibson, 928 N.E.2d 556, 559 (Ind. 2010). A summary judgment order will be affirmed when there is no genuine issue of material fact and the moving party is entitled to summary judgment as a matter of law. Id. at 559-60; Ind. Trial Rule 56(C). The party appealing the trial court's grant of summary judgment has the burden of persuading the court that the grant of summary judgment was erroneous. Diversified Invs., LLC v. U.S. Bank, NA, 838 N.E.2d 536, 539 (Ind. Ct. App. 2005), trans. denied. The fact that the parties made cross-motions for summary judgment does not alter our standard of review; we will consider each motion separately to determine if the moving party was entitled to summary judgment as a matter of law. Id.

It appears no other court has interpreted these provisions in the Abandoned Mobile Homes chapter.

> Statutory interpretation is a question of law reserved for the court and is reviewed de novo . . . . When a statute has not previously been construed . . . our interpretation is controlled by the express language of the statute and the rules of statutory construction. Our goal in statutory construction is to determine, give effect to, and implement the intent of the legislature.

Shaffer v. State, 795 N.E.2d 1072, 1076 (Ind. Ct. App. 2003). The threshold inquiry in issues of statutory interpretation is whether the statute is ambiguous, and if the language of

5

the statute is clear and unambiguous, it is not subject to judicial interpretation. Siwinski v. Town of Ogden Dunes, 949 N.E.2d 825, 828 (Ind. 2011). When the statute is reasonably susceptible to more than one construction, we must construe the statute to determine the apparent legislative intent. Id. We should construe the sections harmoniously, so as to hold no part meaningless if it can be reconciled with the rest of the statute. Id. at 828. We may ascertain intent by giving effect to the ordinary and plain meaning of the language used. Id. at 829.

## II. Notice Required

MHMI and New Avon disagree as to the interpretation of Indiana Code sections 9-22-1.5-2 through -4. MHMI urges an interpretation where the thirty day requirements described in Indiana Code sections 9-22-1.5-3 and 9-22-1.5-4 are different and each section requires thirty days after sending the respective notices. New Avon urges an interpretation where the entire time period from the First Notice being sent to the auction being held may occur in thirty days.

The three relevant portions of Indiana Code chapter 9-22-1.5 are as follows:

> Sec. 2. A private property owner who finds a mobile home that the person believes to be abandoned on property the person owns or controls, including rental property, may sell or salvage the mobile home if it has been left without permission on the owner's property for at least thirty (30) days.

Ind. Code § 9-22-1.5-2 (2012).

> Sec. 3. (a) The thirty (30) day period described in section 2 of this chapter begins the day written notice is sent by the property owner to the last known address of the owner of the mobile home as shown by the records in the bureau of motor vehicles or personally delivered to the owner of the mobile home. . . . If the notice is mailed, the property owner shall send notice by certified mail, return receipt requested. Notice, by mail or personally

6

delivered, must include a description of the mobile home and a conspicuous statement that the mobile home is on the owner's property without the owner's permission. . . .

Ind. Code § 9-22-1.5-3 (2012).

Sec. 4. The property owner shall:
***
(2) . . . give notice by certified mail, return receipt requested, or in person, to the last known address of the owner of the mobile home, to any lien holder with a perfected security interest in the mobile home and to all other persons known to claim an interest in the mobile home. The notice must include a description of the mobile home, a demand that the mobile home be removed within a specified time not less than ten (10) days after receipt of the notice, and a conspicuous statement that unless the mobile home is removed within that time, the mobile home will be advertised for sale and offered for sale by auction at a specified time and place;

(3) advertise that the mobile home will be offered for sale at public auction in conformity with IC 26-1-7-210 and IC 26-1-2-328. The advertisement of sale must be published once a week for two (2) consecutive weeks in a newspaper of general circulation in the county where the mobile home has been left without permission. The advertisement must include a description of the mobile home, the name of the owner of the mobile home, if ascertainable, and the time and place of the sale. The sale must take place at least fifteen (15) days after the first publication. If there is no newspaper of general circulation where the sale is to be held, the advertisement must be posted at least ten (10) days before the sale in not less than six (6) conspicuous places in the neighborhood of the proposed sale;

(4) conduct an auction, not less than thirty (30) days after the return receipt is received by the property owner, on the property where the mobile home was left without permission; . . . .

Ind. Code § 9-22-1.5-4.[3]

---

[3] On July 1, 2012, a minor amendment to Indiana Code section 9-22-1.5-4 took effect: Section 4(7) no longer requires affidavits of sale or disposal to be executed in triplicate. Cf. Ind. Code 9-22-1.5-4(7) (2011). The change occurred after New Avon sent out its Second Notice with all of the auction details, but before the auction was held. Neither party argues that one version should take priority over the other, and indeed, both cite to the amended 2012 version of the statute. Since this change does not affect our analysis of the case, we do not analyze whether it was a change of form or substance. Rather, we will quote the post-July 1, 2012 version of the statute, as that is to what both parties cite.

Reading all provisions together, by the plain language, a property owner has the right to sell an abandoned mobile home only if it has been on the property without permission for thirty days. Ind. Code § 9-22-1.5-2 (2012). That thirty-day clock of "without permission" begins the day the First Notice is mailed or personally delivered to the mobile home owner. Ind. Code § 9-22-1.5-3 (2012). Then, if the mobile home owner does not request additional time or remove the mobile home within thirty days of the First Notice being sent, the property owner may follow the sale process described in Indiana Code section 9-22-1.5-4.

Thirty days after sending the First Notice (assuming no extensions), the property owner may follow the steps in Indiana Code section 9-22-1.5-4. The property owner is required to send the Second Notice, with return receipt requested, to the mobile home owner and any lien holder and any other person known to claim an interest in the mobile home. Ind. Code § 9-22-1.5-4(2). The auction may be held no sooner than thirty days after the Second Notice's return receipt is received by the property owner. Ind. Code § 9-22-1.5-4(4). In the meantime, the property owner must also publish notice of the sale in a newspaper of general circulation in the county or post notice in the neighborhood. Ind. Code § 9-22-1.5-4(3). After all of these requirements are met, only then the property owner may hold an auction. This reading contemplates at least a sixty-day period: the property owner sends the First Notice and waits at least thirty days; the property owner then sends the Second Notice and waits at least thirty more days before holding the auction (more time may be added to the process if the mobile home owner requests an extension as a matter of right under Indiana Code section 9-22-1.5-3(b) or additional time is needed for the return

8

receipt to be received by the property owner to start the thirty-day clock triggered by the Second Notice).

New Avon failed to comply with these statutory requirements. It sent the First Notice dated May 29, postmarked May 30, and then sent the Second Notice only two weeks later. It did not meet the thirty day mandate of Indiana Code section 9-22-1.5-3. Additionally, the auction was held less than thirty days after the Second Notice was sent,[4] as evidenced by the date of the letter, June 13, and the date of the auction, July 9. This did not meet the mandate of Indiana Code section 9-22-1.5-4. The entire sale process, from the sending of the First Notice to the auction took only forty-two days, whereas the statute contemplates at least a sixty-day period. For these reasons, the auction must be set aside. New Avon therefore has no ownership interests in the disputed mobile homes, and MHMI's purchase of the mobile homes from Avon Leasing is valid.[5]

---

[4] The statute requires the thirty day calculation to be from the time the notice is received, but the record is unclear as to when the Second Notices were received by Avon Leasing, or if they were actually delivered. On the face of the letter, New Avon failed to comply with the statute, so we need not resolve those underlying disputes.

[5] Under these facts, where we decide the notices were statutorily deficient for failing on the timing issue, we do not reach the question of whether the form of New Avon's First Notice was sufficient to constitute a "conspicuous statement" under Indiana Code section 9-22-1.5-3; likewise, we do not reach the question of whether New Avon's statement in the First Notice that the mobile home "will be considered abandoned" was sufficient to alert the mobile home owners that the mobile homes were "on the owner's property without the owner's permission" as required by Indiana Code section 9-22-1.5-3.

## Conclusion

Concluding the auction is void due to New Avon's failure to comply with the statutory requirements leading up to the auction of the mobile homes, we reverse and remand for judgment to be entered in favor of MHMI.

Reversed and remanded.

RILEY, J., and BRADFORD, J., concur.