Morrison, Administratrix, v. Ross, Administrator.

and the cause is remanded, with instruction to the court below to overrule the demurrer.

Filed Jan. 27, 1888.

No. 12,091.

MORRISON, ADMINISTRATRIX, v. ROSS, ADMINISTRATOR.

PLEADING.—*Demurrer Must Precede Answer.*—*Waiver.*—After pleading to the merits of an action, there can be no demurrer, either for want of facts or defect of parties, without a withdrawal of the answer and leave of court, and where a demurrer to a complaint is pending, it is waived by the filing of an answer.

ASSIGNMENT.—*Execution of.*—*Contract.*—*Action by Assignee.*—*Evidence.*—*Consideration.*—*Motive.*—Under section 5501, R. S. 1881, a contract for the delivery of stock in an incorporated company may be assigned; and, in an action by the assignee upon such contract, while the execution of the assignment may be challenged, and proof required that it was properly made, yet if the assignment be admitted, no question can be raised either as to the consideration upon which it was made or as to the motive which prompted it.

SAME.—*Res Adjudicata.*—*Estoppel.*—Where, in an action by an assignee upon a written instrument assigned to him, the assignor, who is a necessary party defendant, without objection, permits a prosecution to final judgment, he is estopped from thereafter maintaining a suit upon the same instrument.

SAME.—*Practice.*—*Appearance and Disclaimer by Assignor After Verdict.*—In an action upon a written instrument by an assignee against the maker, it is not an available error for the court, after verdict, to permit the assignor to enter his appearance to the action and file his answer disclaiming any interest in the subject-matter of such action.

From the Marion Superior Court.

*S. Claypool* and *W. A. Ketcham*, for appellant.

*J. C. Denny, J. M. Judah* and *O. B. Jameson*, for appellee.

NIBLACK, J.—This was, in the first instance, an action by Abigail E. Ross against William H. Morrison upon a contract resulting in the exchange of certain real estate.

The complaint charged that Morrison and Johnson H. Ross entered into a contract in writing, on the 6th day of January, 1877, by which it was agreed that Ross was to convey to Morrison by warranty deed certain real estate in the city of Indianapolis, free from all encumbrances, except a mortgage of $30,000 which rested upon it, and that Morrison was to convey to Ross by warranty deed certain other real estate in the same city, free from all encumbrances, except a mortgage lien for $20,000; that the contract further provided that "the said Morrison hereby binds himself to pay said Ross, as further consideration for such exchange, as follows: $5,500 in cash, as it may be needed to pay encumbrances on said property to be conveyed by said Ross, and a certificate of capital stock for $5,000 in the Shaw Carriage Company of Indianapolis;" that it was still further provided that deeds should be executed of the date of January 1st, 1877, and withheld from record until the encumbrances were removed, except as above stated, and until the abstracts of title should be made satisfactory by showing a payment and discharge of such other encumbrances, nothing being said as to when said certificate of capital stock in the Shaw Carriage Company should be transferred to Ross.

The complaint further charged that conveyances were made as it was agreed they should be, and that Morrison applied the sum of $5,500 in part towards the payment of encumbrances on the property received from Ross other than the $30,000 mortgage, and the rest to uses unknown to the plaintiff, and not authorized by his contract with Ross; that if properly and promptly applied as contemplated by the contract, said sum of $5,500 would have been amply sufficient to pay all such encumbrances other than the mortgage; that Morrison had failed and refused to render an account of the disposition he had made of such sum of $5,500; that,

on the 10th day of February, 1877, Morrison elected to treat the encumbrances on the property conveyed to him, other than the mortgage, as removed and discharged, and the abstract of title as satisfactory, and waived the further removal of encumbrances, if any remained, and caused his deed to be recorded, and entered into possession under it; that, on the 1st day of March, 1877, Ross demanded a transfer of the certificate of capital stock to him, the same being then of the par value of $5,000, but Morrison refused, and continued to refuse, to transfer the same; that Ross thereafter, in writing, assigned his interest in the contract to Jesse Jones, who, in turn and in like manner, assigned all the interest he had thus acquired to the plaintiff. The assignments exhibited with the complaint were, however, not endorsed on the contract.

Jones was made a co-defendant with Morrison to answer as to his interest, if any, in the contract thus assigned to and by him.

Morrison answered in three paragraphs, the first being in general denial, and the second and third setting up special matters in defence. A demurrer was sustained to the second paragraph, and the third was, on motion, struck out, thus leaving the cause at issue on the first paragraph.

Before further proceedings ensued Morrison died, and his death being suggested, Mary Morrison, his administratrix and the appellant here, was substituted as defendant in his stead.

When she appeared to the action, she, without withdrawing the answer of the decedent, Morrison, and without obtaining special leave to do so, demurred to the complaint:

*First.* For want of sufficient facts to constitute a cause of action. And,

*Second.* For defect of parties in failing to make Johnson H. Ross a party defendant to answer as to his interest in the contract; but her demurrer was overruled.

Mrs. Morrison then answered in eleven paragraphs, each setting up special matters in defence.

Demurrers were filed to the first, second, fifth, sixth and seventh paragraphs, and were sustained to the first, second and fifth, and overruled as to the sixth and seventh.

The fifth paragraph of the answer averred that Johnson H. Ross was the real owner of the claim sued on ; that it had been first assigned to Jones, and had been then by him transferred to the plaintiff, for the purpose of cheating and defrauding his, the said Ross', creditors.

The sixth paragraph alleged that the real estate conveyed to William H. Morrison was subject to encumbrances, besides the $30,000 mortgage, in the form of judgments, delinquent taxes, and other lawful liens, in excess of the sum of $5,500, a list of which encumbrances was given ; that it was agreed between the said Morrison and Johnson H. Ross, after the insufficiency of that sum to discharge such encumbrances had been ascertained, that the former should retain the Shaw Carriage Company stock to secure him against loss on account of such excess of encumbrances over said sum of $5,500; that at the commencement of this suit the said Johnson H. Ross had failed to pay and remove the encumbrances on such real estate which remained after the sum of $5,500 above named had been exhausted.

The seventh and eighth paragraphs were substantially similar to the sixth, except that the eighth also alleged that Johnson H. Ross was notoriously insolvent.

Issue being joined upon the paragraphs of answer which had been held to be sufficient upon demurrer, as well as upon those to which no demurrers were filed, the cause was sent to a jury for trial. The jury returned a special verdict, finding:

*First.* That, on the 6th day of January, 1877, William H. Morrison and Johnson H. Ross entered into a contract in writing as stated in the complaint, setting out the contract in full.

*Second.* That, on the 10th day of May, 1877, Ross assigned to Jesse Jones all his interest in and claim to the certificate of capital stock in the Shaw Carriage Company mentioned in the contract entered into as above.

*Third.* That, on the 10th day of December, 1879, Jesse Jones assigned to the plaintiff, Abigail E. Ross, all the interest in and claim to said certificate of capital stock which he had acquired by the assignment to him, together with all claim for damages on account of the failure of William H. Morrison to deliver such certificate to him.

*Fourth.* That Johnson H. Ross, with his wife, in pursuance of the contract above mentioned, conveyed to William H. Morrison the real estate which he had obligated himself to so convey, and that the said Morrison, with his wife, conveyed to the said Ross the real estate which he, on his part, had agreed to convey to the latter; that the deeds making such conveyances were dated on the 1st day of January, 1877, and the parties respectively entered into possession under such deeds, as provided by their contract described in the complaint, that is to say, the said Ross went into possession on the 1st day of January, 1877, and the said Morrison on the 1st day of February, 1877.

*Fifth.* That the said Morrison paid in discharge of the liens upon the real estate conveyed to him, over and above the $5,500 which he was required to pay for that purpose, the aggregate sum of $1,040.65, which, with interest to the date of the trial, and two notes held by Morrison on Ross, one for $150 and the other for $20, amounted to $1,402.

*Sixth.* That at the time Ross and Morrison respectively entered into the possession of the real estate conveyed to them, as hereinabove stated, there were sundry encumbrances existing against the property for which Morrison received a conveyance, and that the latter had still in his hands a part of the sum of $5,500 agreed to be paid by him on such encumbrances, and that he continued to make payments in discharge thereof until the 19th day of June, 1877, when the

last of said sum was paid out and applied on these encumbrances.

*Seventh.* That before Ross assigned his interest in and claim to the certificate of capital stock in the Shaw Carriage Company to Jesse Jones, he demanded from Morrison a transfer and delivery of such certificate of capital stock to him, the said Ross, but that Morrison refused to so transfer and deliver the same ; that shortly after Ross assigned his title to such certificate of capital stock to Jesse Jones, the latter also demanded of Morrison a transfer and delivery of the same to him, with which demand Morrison refused to comply.

*Eighth.* That, at the times the demands for the transfer and delivery of the certificate of capital stock in question were made, the stock represented by such certificate was of the value of sixty-five cents on the dollar, and of the aggregate value of $3,250.

To this the jury added that, if, upon the foregoing facts, the law was with the plaintiff, they then found for her, and assessed her damages at the sum of $2,803 ; but that, if, upon the facts as stated, the law was with the defendant, then they found for the defendant.

When the verdict was returned the defendant objected to its being received by the court upon the ground that the jury had not found specifically whether the decedent, Morrison, had retained the stock in the Shaw Carriage Company as security against encumbrances not otherwise provided for, and moved that the jury might be required to retire and make a specific finding on that subject, but the objection and motion were both overruled, and the verdict was received and the jury discharged.

The defendant thereupon moved for a *venire de novo* for the alleged reasons: First. That the verdict did not cover all the issues in the cause. Second. That the jury had failed to find whether the deed executed by Ross to the decedent, Morrison, was a warranty deed. Third. That the jury had

also failed to find whether the decedent, Morrison, had retained the stock in the Shaw Carriage Company as a security against encumbrances on the real estate conveyed to him, not otherwise provided for in the contract between him and Ross. And this motion was also overruled.

Pending a motion for a new trial, the death of the plaintiff, Abigail E. Ross, was suggested, and Johnson H. Ross, as her administrator, was substituted as plaintiff. Ross, the new plaintiff, thereupon asked leave also to enter his appearance as a defendant in the action in his personal capacity, and this leave being granted, he filed an answer disclaiming any personal interest in the matters in controversy. The motion for a new trial was then overruled, and judgment was given against the defendant as administratrix, for the sum of $2,803, to be paid, in due course of administration, out of the assets of the estate of William H. Morrison in her hands to be administered.

Upon an appeal to the general term, Mrs. Morrison, as the appellant, amongst other things, assigned error upon the overruling of her demurrer to the complaint; upon the sustaining of the demurrer to the fifth paragraph of her answer; upon the refusal of the court to order a *venire de novo;* and upon the admission of Johnson H. Ross as a defendant in the action after a return of the verdict. The judgment at special term was, nevertheless, affirmed.

At common law, as well as under our civil code, the demurrer precedes the answer, and when a demurrer is not interposed at the proper time it is waived. There can be no demurrer, after pleading to the merits, without a withdrawal of the answer and leave of the court. Even when a demurrer is pending it is waived by the filing of an answer without requiring a decision upon the demurrer. Works Pr., section 539; *Gordon* v. *Culbertson,* 51 Ind. 334; *De La Hunt* v. *Holderbaugh,* 58 Ind. 285; *Morrison* v. *Fishel,* 64 Ind. 177; *Beckner* v. *Riverside, etc., T. P. Co.,* 65 Ind. 468; *Ludlow* v. *Ludlow,* 109 Ind. 199.

By pleading to the merits of the action, William H. Morrison waived all objection to the mere sufficiency of the complaint, and this waiver became obligatory upon Mrs. Morrison, as his successor in the action, and so continued, as she did not invoke the aid of the court to be relieved from it. R. S. 1881, section 343. Mrs. Morrison's demurrer, therefore, came too late, and, in consequence, raised no question as to the sufficiency of the complaint, whether considered with reference to the facts alleged or to the supposed defect of parties defendant.

A paragraph of answer similar to the fifth paragraph of Mrs. Morrison's answer, alleging that Johnson H. Ross was the real owner of the claim in suit, and that it had been assigned to Abigail E. Ross to cheat and defraud his creditors, was held to be bad upon demurrer in the case of *Frenzel* v. *Miller,* 37 Ind. 1.

Section 5501, R. S. 1881, as did section 1, 1 R. S. 1876, 635, authorizes the assignment of a contract like that in judgment, and the succeeding section confers upon the assignee a right of action in his own name upon such a contract when assigned.

The defendant in such an action may, for his own protection, challenge the execution of the assignment, and, under section 364, R. S. 1881, require proof that the assignment alleged had been properly made ; but the assignment being admitted, as in this case, he can not raise a question either as to the consideration upon which it was made, or as to the motive which induced it, as that would be permitting him to make an issue upon a merely collateral question, and one only material as between assignor and assignee.

In an action by an assignee upon an instrument in writing assigned to him, it is enough for the defendant to know that the plaintiff is the holder of the instrument by assignment; and if the assignor, without objection, allows the action to be prosecuted to final judgment, he is estopped from there-

after maintaining a suit upon the same instrument. The demurrer to the fifth paragraph of Mrs. Morrison's answer was, therefore, rightly sustained.

It is claimed that, as the jury failed to find that the deed which Johnson H. Ross made to William H. Morrison was a warranty deed, and to specifically find whether the latter retained the stock in the Shaw Carriage Company as a security against encumbrances in excess of the sum of $5,500, a *venire de novo* ought to have been ordered.

This action was prosecuted upon the theory that Johnson H. Ross had executed a warranty deed to the decedent, Morrison, as he had agreed to do by his contract, and the defence was conducted upon the same theory. The fact that the deed was a warranty deed seemed not to be a matter in controversy at any stage of the proceedings below. The jury found that Ross executed the deed "in pursuance of the contract," which, by its terms, required him to make a warranty deed.

The jury also allowed Morrison's estate credit for payments made on encumbrances in excess of the sum of $5,500, which could only have been properly allowed upon the theory that the deed was a warranty deed. Consequently, the reasonable inference from the facts specifically found was that the deed was a conveyance with covenants of warranty. The allowance, too, by the jury of credits for payments in excess of the sum of $5,500 as a deduction from the value of the stock in the Shaw Carriage Company was, under the circumstances, the fair equivalent of a specific finding that Morrison retained the stock as security for encumbrances in excess of the sum named. There was, therefore, no sufficient reason for ordering a *venire de novo*.

Section 276, R. S. 1881, prescribes that "When any action is brought by the assignee of a claim arising out of contract, and not assigned by endorsement in writing, the assignor shall be made a defendant, to answer as to the assignment or his interest in the subject of the action."

This provision is clearly intended to afford the assignor an

opportunity of denying the assignment if he wishes to do so, and of asserting any interest he may have in the claim sued upon, and, in case he disclaims or makes default, to thereafter preclude him from denying the assignment or asserting any ownership of the claim. It does not contemplate the recovery of an ordinary judgment against the assignor upon the merits of the claim. This view is fully sustained by section 312 of our present civil code. By permitting Johnson H. Ross to enter his appearance as a defendant, and to answer disclaiming any interest in the subject-matter of the action, after the return of the verdict, all was in effect accomplished that would have been by making him a defendant in the first instance. He thereby voluntarily became precluded from thereafter asserting any interest in the matters in controversy. However unusual or informal the proceeding may have been, no injury resulted from it to Mrs. Morrison, so far as we are able to perceive. The proceeding was seemingly in the interest of the estate in her hands, in the event of further litigation concerning the subject-matter of the action, and consequently one of which she has no reason to complain.

What we have said practically disposes of all the questions discussed by counsel, and hence of everything necessary to be considered at the present hearing.

The judgment is affirmed, with costs.

ELLIOTT, J., took no part in the decision of this cause.

Filed Dec. 6, 1887; petition for a rehearing overruled Jan. 28, 1888.