CLARK ET AL. *v.* SPANGLER AND GROULEFF LUMBER
COMPANY.

[No. 11,235.  Filed June 29, 1922.  Rehearing denied October 25,
1922.]

1. PLEADING.—*Action to Recover for Goods Sold.—Complaint.—
Sufficiency.—Averment of Performance of Sale Contract.*—In
an action by the assignee of a contract of sale of merchandise
against the buyers to recover the purchase price, a complaint,
averring delivery of the goods sold to the buyers, was a suffi-
cient averment of performance, in the absence of a motion to
make the complaint more specific.  p. 615.

2. PLEADING.—*Action to Recover for Goods Sold.—Complaint.—
Sufficiency.—Identification of Contract of Sale.*—In an action
by the assignee of a contract of sale of merchandise against
the buyers to recover the purchase price, where the contract
involved and the assignment thereof were exhibits to the com-
plaint, and the assignment was indorsed upon the contract,
the complaint was good as against demurrer on the ground
that the contract sued on was not sufficiently identified as the
one assigned.  p. 615.

3. ASSIGNMENT.— *Contract of Sale.— Action by Assignee for
Purchase Price.—Parties.—Assignor.*—In an action by the as-
signee of a contract of sale of goods against the buyers to
recover the purchase price, where it appeared that the seller
had assigned the contract without recourse by proper indorse-
ment, the seller was not a necessary party to the action, and
the complaint was not demurrable for defect of parties, even
though it contained no averments as to the seller; and in view
of the fact that the seller answered both the complaint and a
cross-complaint and the verdict was in its favor, any error as
to defect of parties was harmless.  p. 615.

4. APPEAL.— *Review.— Harmless Error.— Sustaining Demurrer
to Cross-Complaint.*—In an action by the assignee of a con-
tract of sale of goods against the buyers to recover the pur-
chase price, error, if any, in sustaining plaintiff's demurrer to
cross-complaint was harmless, where the substantial averments
of the cross-complaint were embraced in defendants' answer,
and on the issues thus presented the jury's verdict was for
plaintiff.  p. 616.

5. APPEAL.— *Review.—Harmless Error.—Instructions.—Failure
to State Issues Presented by Cross-Complaint.*—In an action
by the assignee of a contract of sale of goods against the
buyers to recover the purchase price, defendant by a cross-

complaint alleging fraudulent representations, in which the seller answered the complaint and cross-complaint by a general denial, it was error for the trial court to fail in its instructions to state the issues as to the cross-complaint with the seller's answer in denial thereto, but the verdict of the jury on issues presented by defendants' answers substantially the same as those in the cross-complaint rendered such error harmless. p. 616.

From Dekalb Circuit Court; *Dan M. Link,* Judge.

Action by the Spangler and Grouleff Lumber Company against Elmer E. Clark and others. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*Mountz & Brinkerhoff,* for appellants.
*Atkinson, Endicott & Husselman,* for appellee.

NICHOLS, P. J.—Action by appellee, Spangler and Grouleff Lumber Company, hereinafter called appellee, to recover the value of certain merchandise sold by the Guarantee Veterinary Company to appellants.

The first paragraph of complaint avers in substance that on December 19, 1918, appellants entered into a contract whereby they agreed to purchase from the Guarantee Veterinary Company 10,000 pounds of Sal-Tonik, a stock food preparation, for the price of $450, a copy of the contract of sale being made a part of the complaint. That said merchandise was delivered to appellants by appellee, and that appellants failed and refused to pay for the same though the purchase price was long past due and wholly unpaid. That after the execution of the contract, the Guarantee Veterinary Company duly assigned the same in writing to appellee, which assignment was made a part of the complaint. There was a demand for judgment.

The second paragraph of complaint was on account for goods and merchandise sold. A separate demurrer to each paragraph of complaint was overruled, and thereupon appellants answered in five paragraphs. The

first was a general denial, and the other four were affirmative paragraphs, the substance of which we do not need to set out as they are not challenged by demurrer.

Appellants also filed a cross-complaint, more properly called a counterclaim, charging in substance that appellee and the Guarantee Veterinary Company made certain fraudulent representations as to the medicinal properties and value of the stock foods involved, and averring that appellants were damaged thereby in the sum of $500. Appellee's demurrer to this complaint was sustained. The cause was tried by a jury which returned a verdict in favor of appellee for $450 against appellants, with a verdict in favor of the Guarantee Veterinary Company.

Appellants assign as error the court's action in overruling the demurrer to the first paragraph of complaint, in overruling the demurrer to the second paragraph of complaint, in sustaining the demurrer to appellants' cross-complaint, and in overruling the motion for a new trial. Appellants contend that the first paragraph of complaint was not sufficient because it did not allege in either general or specific terms that the contract was fully performed, but we hold that an averment in the complaint of the delivery of the goods sold to appellant was a sufficient averment of performance, in the absence of a motion to make the complaint more specific. The contract involved and the assignment thereof were exhibits to the complaint, and it clearly appears that the assignment was endorsed upon the contract, and the contract was therefore sufficiently identified as the one assigned.

As the Guarantee Veterinary Company had duly assigned the contract of sale without recourse by a proper endorsement, that company was not a necessary party to the action and therefore the complaint was not demurrable for defect of parties, even

though there were no averments therein as to the Guarantee Veterinary Company. Such company, however, answered the complaint and the cross-complaint by a general denial, and after trial the verdict of the jury was in its favor. Error therefore, if any, as to defect of parties was harmless. The demurrer to the first paragraph of complaint was properly overruled.

4. The grounds upon which appellants predicate error in overruling the demurrer to the second paragraph of complaint was not mentioned in the memorandum to appellants' demurrer, and we therefore do not consider it. We regard the allegations of the cross-complaint as expressions of opinion as to medicinal qualities of the stock food rather than as misrepresentations of fact, and as such they were not fraudulent. The substantial averments of the cross-complaint are found in both the second and fourth paragraphs of answer upon which, along with other issues, the parties went to trial before a jury which returned a verdict in favor of appellee for the full amount of its claim. It appears therefore that even if it were error to sustain appellee's demurrer to the cross-complaint, appellants were not harmed thereby.

5. It was error for the court to fail in its instructions to state the issues as to the cross-complaint with the Guarantee Veterinary Company's answer in denial thereto, but the verdict of the jury on issues presented by the answers, makes such error harmless.

We have examined the other instructions given and we find no reversible error in them. The evidence is sufficient to sustain the verdict.

The judgment is affirmed.