FIRST NATIONAL BANK OF MILLTOWN v. MELVIN SCHRADER

[No. 1-1077A261. Filed May 15, 1978.]

*James D. Williams*, of Corydon, for appellant.

*Arthur L. Dillard*, of Paoli, for appellee.

ROBERTSON, J.—Plaintiff-appellant First National Bank of Milltown (First National) filed its complaint to recover on a retail installment contract against defendant-appellee Melvin Schrader (Schrader). This complaint was then dismissed under Indiana Rules of Procedure, Trial Rule 12(B)(6) and 17(A) for failure to join the real party in interest. First National then filed its amended complaint which was dismissed on the same grounds. First National now appeals from a denial of its motion to correct errors.

We reverse.

The evidence in this case shows that Schrader purchased a used automobile from Bob Walton Ford, Inc. (Walton) in Paoli by executing a retail installment contract. As is common in the new and used car business, the installment contract was assigned by Walton to First National for the face value of the contract. Schrader made several payments to First National and then defaulted, and First National then filed its complaint to recover the amount still due under the contract. The trial court, however, sustained Schrader's motion to dismiss on the grounds that Walton, and not First National, was the real party in interest.

The reasoning of the trial court is displayed in its conclusions of law, which read as follows:

"1.  The purported assignment contained in 'Exhibit A' fails to state the name of the assignee and by reason thereof is an 'incomplete instrument' under the provisions of Ind. Code § 26-1-3-115.

"2.  The purported assignment contained in 'Exhibit A' identify-

ing the assignor as corporation does not show that the person sign-
ing the same signed in a representative capacity as to bind the cor-
porate organization under the provisions of Ind. Code § 26-1-3-403.

"3. The plaintiff has failed to comply with the provisions of Ind.
Code § 26-1-9-405 relating to the recordation of written assignments
under the Uniform Commercial Code as to become an assignee who
is a secured party of record.

"4. That after a passage of a reasonable time, the plaintiff has
failed under the provisions of Trial Rule 17(A) to move this Court
after objection has been allowed for the real party in interest to
ratify the action, or to be joined or substituted in the action."

Although the trial court was correct in holding that the Uniform Com-
mercial Code, IC 1971, 26-1-1-101 *et seq.* has some application to this case,
none of the sections relied upon or cited in the judgment has any
relevance whatsoever to this action.

The first two sections cited in the trial court's conclusions of law are
contained in Article III of the UCC which deals with negotiable
instruments.[1] The obligation sued upon in this case is a sim-
ple contract and not a negotiable instrument. Neither section
has any relevance to the assignment of a retail installment con-
tract, and the trial court therefore erred in relying on those provisions.

The trial court also erred by relying on IC 1971, 26-1-9-405, for that
section deals only with the perfection of the assignment of certain securi-
ty interests. First, a security interest or its assignment in a motor vehi-
cle not held as inventory is perfected by notation on the vehicle's cer-
tificate of title and not by way of a financing statement as contemplated
in IC 1971, 26-1-9-405.[2] Second, the lack of perfection of a security in-
terest, as a general rule, is of no consequence between the immediate
parties to a transaction but rather is important in determining the rights
of a subsequent bona fide purchaser, intervening lien creditor, receiver,

1. This limitation on the scope of Article III of the UCC is reflected in the following
portion of Official Comment 1 to § 3-103:

1. This Article is restricted to commercial paper—that is to say, to drafts,
checks, certificates of deposit and notes as defined in Section 3-104(2).

2. IC 1971, 26-1-9-302(3) (b) and (4).

trustee in bankruptcy, etc. Third, and most important, First National was neither claiming nor enforcing a security interest in its suit but rather was only attempting to enforce an obligation on a simple contract. Therefore, Article 9 of the UCC does not apply.

The retail installment contract in this case represented a transaction in goods and is therefore governed by Article 2 of the UCC. IC 1971, 26-1-2-102. It is provided in IC 1971, 26-1-2-210 that a contract may be assigned by either the seller or buyer unless otherwise agreed. Neither party has argued that the contract in this case contained any provision prohibiting an assignment by Walton.

The pleadings and other papers filed in this case show that First National was in possession of a retail installment sales contract that was signed by Schrader and which was later assigned by the endorsement of Walton. Further, an affidavit of one of First National's officers stated that Walton had made a valid assignment to the bank for consideration. There are no formalities required to make an assignment of the contract valid, and an assignment may even be oral in some cases. *Morrison v. Ross* (1887), 113 Ind. 186, 14 N.E. 479; *John A. Boyd Motor Co. v. Claffey* (1932), 94 Ind. App. 492, 165 N.E. 255; *Ogden v. Washington National Bank* (1924), 82 Ind. App. 187, 145 N.E. 514; 6 Am.Jur.2d *Assignments* § 84, 91, 92. This evidence was more than sufficient for purposes of a motion to dismiss to show that First National was the assignee of the contract. Therefore, under TR. 17, First National is the real party in interest, *Clark v. Spangler & Grouleff Lumber Co.* (1922), 78 Ind. App. 613, 135 N.E. 890, and it was error to dismiss its complaint.

Judgment reversed and remanded.

Lybrook, P.J. and Lowdermilk, J. concur.

NOTE—Reported at 375 N.E.2d 1124.