# FOR PUBLICATION



FILED

Jun 27 2014, 9:27 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**ROBERT IMBODY**
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**FRANKLIN S. YUDKIN**
Franklin S. Yudkin and Associates, PSC
Louisville, Kentucky

# IN THE
# COURT OF APPEALS OF INDIANA

ROBERT IMBODY,                )
                              )
    Appellant-Defendant,      )
                              )
        vs.                   )     No. 49A05-1307-CC-322
                              )
FIFTH THIRD BANK,             )
                              )
    Appellee-Plaintiff.       )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable David J. Dreyer, Judge
Cause No. 49D10-1206-CC-22570

**June 27, 2014**

**OPINION - FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Robert Imbody appeals the trial court's judgment in favor of Fifth Third Bank ("the Bank") on the Bank's complaint alleging breach of a promissory note secured by a motor vehicle. The Bank repossessed the vehicle, charged off the balance of the note, and ultimately sold the vehicle at auction. The Bank sued Imbody for the deficiency balance. The question presented on appeal is whether the Bank's complaint is barred by the applicable statute of limitations. We hold that the Bank's repossession of the collateral accelerated payment on the note, which triggered the six-year statute of limitations, and that the Bank's complaint is time-barred.

We reverse.

## FACTS AND PROCEDURAL HISTORY

On July 23, 2004, Imbody obtained a loan from the Bank for the purchase of a 2004 Chevrolet Trailblazer ("the truck"). The Simple Interest Note and Security Agreement ("the Agreement") executed by Imbody provided in relevant part that the purchase price for the truck was $35,906.28, and Imbody agreed to make eighty-four monthly payments of $541.38 each beginning September 6, 2004. The Agreement also provided that, in the event of a default, the Bank had the option "to accelerate without notice or demand the final maturity of all of the obligations secured." Appellant's App. at 21.

Imbody made scheduled payments according to the terms of the Agreement until March 3, 2006, when his payment made on that date was returned for insufficient funds.

2

On May 31, 2006, the Bank repossessed the truck and charged off[1] the remaining balance of $31,396.32. The Bank then sold the truck at auction for $16,500. The deficiency balance was $14,896.32 plus various accrued fees, and Imbody agreed to pay the Bank $100 per month toward the debt.[2] But Imbody made only about fourteen of those payments, and he made his final payment on the deficiency balance on February 29, 2008.

On June 5, 2012, the Bank filed its complaint against Imbody alleging breach of contract and seeking damages of $24,940.57, pre-judgment interest, and attorney's fees. Following a bench trial, the trial court entered judgment in favor of the Bank in the amount of $24,939, plus court costs. Imbody filed a motion to correct error, which the trial court denied. This appeal ensued.

## DISCUSSION AND DECISION

Imbody contends that the Bank's complaint is time-barred. In particular, Imbody maintains that the Bank's cause of action accrued, and the statute of limitations began to run, on May 31, 2006, when the Bank repossessed the truck and charged off the principal balance. Thus, Imbody asserts, the Bank's complaint, which was filed on June 5, 2012, was not timely under the six-year statute of limitations applicable to written contracts for the payment of money. See Ind. Code § 34-11-2-9. The Bank maintains that the cause of

---

[1] A "charge off" is defined generally as "[t]o treat (an account receivable) as a loss or expense because payment is unlikely; to treat as a bad debt." Black's Law Dictionary 227 (7th ed. 1999). Here, at trial, a Bank representative testified that "the loan was charged off" on May 31, 2006, which meant that the Bank had "repossessed the vehicle" and subsequently "sold it at auction" and the loan was "not on [the Bank's] books anymore." Transcript at 23.

[2] The evidence shows that the parties had an informal agreement regarding payments on the deficiency balance. There is no evidence that the parties entered into a forbearance agreement.

action accrued, and the statute of limitations began to run, on February 29, 2008, when Imbody made his last payment on the deficiency balance. Thus, the Bank contends that its complaint was timely and within the six-year statute of limitations.

Statutes of limitation seek to provide security against stale claims, which in turn promotes judicial efficiency and advances the peace and welfare of society. Cooper Indus., LLC v. City of South Bend, 899 N.E.2d 1274, 1279 (Ind. 2009). The party pleading a statute of limitation bears the burden of proving the suit was commenced beyond the statutory time allowed. Id. The determination of when a cause of action accrues is generally a question of law. Warrick Cnty. v. Hill, 973 N.E.2d 1138, 1143 (Ind. Ct. App. 2012), trans. denied. Thus, here, our review is de novo. See Siwinski v. Town of Ogden Dunes, 949 N.E.2d 825, 828 (Ind. 2011).

First, we determine when the statute of limitations began to run. Where, as here, an installment contract contains an optional acceleration clause, by which the creditor may declare all installments in the loan immediately due and payable after default, the statute of limitations to collect the entire debt does not begin to run immediately upon the debtor's default. See Smither v. Asset Acceptance, LLC, 919 N.E.2d 1153, 1160 (Ind. Ct. App. 2010). Instead, the statute generally begins to run only when the creditor exercises its option to accelerate. See id.

At trial, the parties did not present evidence that the Bank ever formally exercised the optional acceleration clause in the Agreement. But under the Agreement, the Bank could elect "to accelerate without notice or demand the final maturity of all the obligations secured." Appellant's App. at 21. The Arizona Court of Appeals recently

4

observed that, "[u]nder the majority view, notwithstanding a creditor's contractual ability to accelerate a debt without notice, it must undertake some affirmative act to make clear to the debtor it has accelerated the obligation." Baseline Fin. Servs. v. Madison, 278 P.3d 321, 322 (Ariz. Ct. App. 2012) (citing case law from five other jurisdictions). And the court stated that Arizona courts "have deemed a variety of actions, including repossession of property, sufficient to demonstrate a creditor's exercise of an optional acceleration clause." Id. at 323. We agree. A secured creditor repossesses its collateral to liquidate the underlying debt. Thus, a repossession is an affirmative act, which in its operation and effect accelerates the final maturity of the debt when a secured note calls for periodic payments.

Here, the evidence shows that the Bank repossessed the truck on May 31, 2006, which triggered the statute of limitations. See id. And because the Bank waited more than six years from the date of repossession to file the complaint, it is time-barred. See I.C. § 34-11-2-9. The trial court erred when it concluded that the Bank's complaint was timely filed. We reverse the trial court's judgment in favor of the Bank and instruct the court to enter judgment in favor of Imbody.

Reversed.

VAIDIK, C.J., and BROWN, J., concur.

5