



FILED

Feb 17 2020, 11:46 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

I N  T H E

# Indiana Supreme Court

Supreme Court Case No. 19S-MF-530

## Dean Blair and Paula Blair,

*Appellants/Cross-Appellees (Defendants)*

–v–

## EMC Mortgage, LLC,

*Appellee/Cross-Appellant (Plaintiff)*

---

Argued: November 7, 2019 | Decided: February 17, 2020

Appeal from the Vanderburgh Superior Court, No. 82D07-1207-MF-3333
The Honorable Richard G. D'Amour, Judge

On Petition to Transfer from the Indiana Court of Appeals,
No. 18A-MF-808

---

### Opinion by Chief Justice Rush

Justices David, Massa, Slaughter, and Goff concur.

**Rush, Chief Justice.**

A closed installment contract, such as a mortgage or promissory note, is one in which a borrower agrees to make a series of payments to a lender on specific dates. Suits to enforce obligations under these contracts are subject to multiple statutes of limitations.

Here, borrowers ask us to impose an additional rule of reasonableness, insisting that their lender waited too long to sue them for amounts owed under a mortgage and promissory note. The lender urges us to affirm the trial court's order, which granted it partial relief.

We find that imposing additional, judicially created time constraints upon a lender's ability to bring a claim on a closed installment contract is neither necessary nor wise. Applicable statutes of limitations already keep a lender from waiting indefinitely to sue for a borrower's default. And these statutes are triggered at multiple points in time, leaving the lender empty-handed if it delays too long. Imposing a further rule of reasonableness could spur lenders to sue borrowers prematurely, depriving them of the opportunity to first negotiate repayment.

Finding that the lender filed suit within the applicable statutes of limitations, we affirm.

# Facts and Procedural History

On December 21, 1992, Dean and Paula Blair executed a note and mortgage to be paid in monthly installments over fifteen years, beginning in February 1993. The note gave the holder the option to accelerate the debt after a default and require immediate payment on the full amount due.

In June 1995, the Blairs made their last payment on the note. The original lender filed for bankruptcy; and the note and mortgage were eventually assigned to EMC Mortgage, LLC, in July 2000. Although the note matured on January 1, 2008, EMC didn't sue the Blairs to recover on the note and foreclose the mortgage until July 3, 2012.

After a bench trial, the trial court issued an order foreclosing the mortgage. But it held, in part, that EMC was entitled to recover only payments and interest that accrued after July 3, 2006—due to Indiana's six-year statute of limitations to bring an action on the note underlying a mortgage.

The Court of Appeals reversed, finding that "a party is not at liberty to stave off operation of the statute [of limitations] inordinately by failing to make demand." *Blair v. EMC Mortgage, LLC*, 127 N.E.3d 1187, 1195, 1198 (Ind. Ct. App. 2019) (alteration in original) (quoting *Smither v. Asset Acceptance, LLC*, 919 N.E.2d 1153, 1161 (Ind. Ct. App. 2010)). And because EMC did not accelerate the note within six years of the Blairs' initial default, the panel held that EMC waited "an unreasonable amount of time" and could not recover. *Id.* at 1197–98.

We granted transfer, vacating the Court of Appeals opinion. Ind. Appellate Rule 58(A).[1]

## Standard of Review

We will set aside the trial court's findings and judgment only if they are clearly erroneous. *Fraley v. Minger*, 829 N.E.2d 476, 482 (Ind. 2005). But here, we focus on the trial court's conclusion on whether EMC's claim was time-barred—and determining when a cause of action accrues under a particular statute of limitations is a question of law reviewed de novo. *Cooper Indus., LLC v. City of South Bend*, 899 N.E.2d 1274, 1280 (Ind. 2009); *Imbody v. Fifth Third Bank*, 12 N.E.3d 943, 945 (Ind. Ct. App. 2014).

---

[1] The Court of Appeals also determined that, even though the Blairs did not file a timely response to EMC's summary judgment motion, "EMC was not entitled to summary judgment because it failed to make a prima-facie showing that summary judgment was proper." *Blair*, 127 N.E.3d at 1194. Although the time limits of Indiana Trial Rule 56 are strictly enforced, *see Borsuk v. Town of St. John*, 820 N.E.2d 118, 123 n.5 (Ind. 2005), EMC did not raise this argument on transfer; and given our disposition today, this issue is moot.

# Discussion and Decision

A promissory note is a negotiable instrument that accompanies a mortgage. It is an installment contract that contains a maturity date—usually fifteen or thirty years past its date of execution—when the full balance owed becomes due. Such a note may also include a provision, known as an acceleration clause, that gives the lender the option to immediately demand payment on the full loan amount if the borrower fails to pay one or more installments.

The Blairs argue that the applicable statute of limitations requires an acceleration option to be exercised within six years following a borrower's first default. And because EMC failed to do so, the Blairs contend that it waited an unreasonable amount of time to sue for payment under the note and thus its suit is time-barred.

EMC counters that there are three possible points in time when the statute of limitations could have been triggered: (1) as each installment payment became due; (2) upon an exercise of the optional acceleration clause, had it chosen to accelerate; or (3) upon loan maturity. And EMC argues that its claim was timely because it was asserted within six years of many of the Blairs' missed installment payments and within six years of the note's maturity date. Yet, EMC refrains from asking for full relief, rather urging us to affirm the trial court's order that it is entitled to recover only some of the amount due.

We grant EMC's request for two reasons.

First, there is no need to impose a rule of reasonableness when a lender sues to enforce installment obligations on a closed installment contract, such as a mortgage or a promissory note. Unlike credit cards or other open accounts, a closed installment contract contemplates payment of a certain sum over a fixed period of time, which means a lender cannot wait indefinitely to sue for missed installments.

Second, under either of the applicable statutes of limitations, a cause of action for payment upon a promissory note with an optional acceleration clause can accrue on multiple dates—including when the note matures.

*See* Ind. Code § 34-11-2-9 (2019); Ind. Code § 26-1-3.1-118(a) (2019). Thus, EMC would be entitled to full relief under either statute.

However, EMC not only expressly disclaimed any argument for full relief; but it also urged us to affirm the trial court's order that it was entitled to partial relief. Under these particular circumstances, we affirm the trial court's order.

## I. There is no need to judicially create additional time constraints on a lender's ability to bring an action upon a closed installment contract.

The Blairs claim that, when a lender such as EMC has the **option** to accelerate payments but is **not required** to do so, some reasonableness limitation is necessary to ensure that "the creditor is not at liberty to stave off operation of the limitations period inordinately by failing to make demand." The Blairs direct us to three cases in support of their argument: *Smither v. Asset Acceptance, LLC*, 919 N.E.2d 1153 (Ind. Ct. App. 2010); *Heritage Acceptance Corp. v. Romine*, 6 N.E.3d 460 (Ind. Ct. App. 2014), *trans. denied*; and *Stroud v. Stone*, 122 N.E.3d 825 (Ind. Ct. App. 2019).

In *Smither*, the Court of Appeals determined that a creditor's claim against a borrower for "any portion" of the borrower's credit card debt was time-barred. 919 N.E.2d at 1162. The panel treated the credit card agreement as an open account—"an account with a balance which has not been ascertained and is kept open in anticipation of future transactions." *Id.* at 1159 (quoting 1 Am. Jur. 2d *Accounts and Accounting* § 4 (2005)). The panel also observed that the statute of limitations for the entire balance began to run either at the time of the borrower's first default or the next payment due date thereafter. *Id.* at 1160–62. And because the statute of limitations had already run, the creditor could not have invoked the credit card agreement's optional acceleration clause within a reasonable amount of time. *Id.* at 1161–62.

Later, in both *Romine* and *Stroud*, the Court of Appeals applied *Smither*'s rationale in the context of a closed installment contract. *Romine*, 6

N.E.3d at 463–64; *Stroud*, 122 N.E.3d at 831–32. But, as explained below, we find *Smither* distinguishable; and we disapprove *Romine* and *Stroud*.

*Smither* noted that "credit card accounts are unlike promissory notes or installment loans, such as mortgages, student loans, and car loans." 919 N.E.2d at 1159. The court explained that with a promissory note or mortgage, "the total amount of indebtedness and a defined schedule of repayment, including precise dates for payment and the amount of each payment until the debt is fully repaid, typically are included in the loan document from the outset." *Id*. On the other hand, from the outset of a credit card agreement, the total amount of indebtedness is unknown, making it appropriate to treat these agreements like open accounts—instead of promissory notes—for purposes of the statute of limitations. *Id.* at 1160. Thus, *Smither* recognized critical differences between open accounts and closed installment contracts and how those differences should impact the application of statutes of limitations.

Despite *Smither* emphasizing these differences, both *Romine* and *Stroud* applied *Smither*'s reasoning to a claim involving a closed installment contract. *Romine*, 6 N.E.3d at 463–64; *Stroud*, 122 N.E.3d at 831–32. *Romine* first applied *Smither*'s rule of reasonableness to find that a lender's cause of action on a closed installment contract for a car loan was barred due to its long delay. 6 N.E.3d at 464. Then, *Stroud* specifically held that a mortgage lender could not demand payment on a promissory note more than six years after the borrower's first default. 122 N.E.3d at 831. The panel determined that the statute of limitations for the entire amount owed on the promissory note began to run at that first default, and thus, the lender's claim for payment nearly eight years after the default was unreasonable and time-barred. *Id.*

Because we find that, for purposes of the statute of limitations, closed installment contracts should be treated differently than open accounts, we disapprove *Romine* and *Stroud* and decline to apply *Smither*'s rationale here. We now examine the relevant statutes of limitations that apply to actions upon promissory notes.

## II.  Two statutes of limitations apply to a cause of action upon a promissory note.

Two statutes of limitations apply when a lender sues for payment upon a promissory note. These statutes "provide security against stale claims, which in turn promotes judicial efficiency and advances the peace and welfare of society." *Cooper Indus., LLC v. City of South Bend*, 899 N.E.2d 1274, 1279 (Ind. 2009).

First, Indiana Code section 34-11-2-9 is the general statute of limitations for "action[s] upon promissory notes." This statute states that such an action, when pertaining to a note executed after August 31, 1982, "must be commenced within six (6) years after the cause of action accrues." I.C. § 34-11-2-9.

Second, Indiana has adopted the relevant Uniform Commercial Code (UCC) statute of limitations as Indiana Code section 26-1-3.1-118. This statute specifically governs "an action to enforce the obligation of a party to pay a note payable at a definite time." I.C. § 26-1-3.1-118(a). It gives two alternative deadlines for asserting a cause of action upon such a note: either "within six (6) years after the due date or dates stated in the note or, if a due date is accelerated, within six (6) years after the accelerated due date." *Id.*

These statutes' plain language shows that they are not mutually exclusive when applied to an action on a promissory note. Rather, Section 34-11-2-9 addresses accrual of a cause of action in very general terms, while Section 26-1-3.1-118(a) addresses it more specifically. And pre-*Stroud* opinions from our Court of Appeals illustrate how these two statutes may allow several accrual dates for causes of action upon a promissory note.

*Griese-Traylor Corp. v. Lemmons*, 424 N.E.2d 173, 183 (Ind. Ct. App. 1981), recognized that the statute of limitations begins to run "as each installment becomes due." *Id.* (citing *Kuhn v. Kuhn*, 273 Ind. 67, 402 N.E.2d 989 (1980)). Also, if the contract contains an acceleration clause, the cause of action accrues either when a mandatory clause "brings all payments due immediately," or when an optional clause is exercised. *Id.* (cleaned

up); *see also Imbody v. Fifth Third Bank*, 12 N.E.3d 943, 945 (Ind. Ct. App. 2014) (finding that a secured creditor exercised an optional acceleration clause, "which triggered the statute of limitations" under Indiana Code section 34-11-2-9). Finally, the note's maturity date triggers the statute of limitations, as acknowledged by *Cowan v. Murphy*, 165 Ind. App. 566, 333 N.E.2d 802 (1975). Although that case involved a note with a mandatory acceleration clause, the panel commented that, "[h]ad the acceleration clause been merely optional," the lender's acceptance of late payments on the promissory note would have waived acceleration, so no cause of action would have accrued "until the whole note had become due." *Cowan*, *id.* at 572, 333 N.E.2d at 805–06.

Decisions from other jurisdictions have similarly concluded that a mortgage lender can choose not to exercise an optional acceleration clause and, instead, bring a cause of action within the statute of limitations following a note's maturity date.

The Florida District Court of Appeals, applying that state's general five-year statute of limitations, found that "[w]hen a note contains an optional acceleration clause, a lender only runs out of opportunities to foreclose, under the applicable statute of limitations, after five years of the latest default, **or** after five years of the date of maturity of the note." *Bank of America v. Graybush*, 253 So. 3d 1188, 1195 (Fla. Dist. Ct. App. 2018). The court concluded that if a lender should bring a timely action under this scenario, it would be "entitled to all sums due under the note and mortgage—should the note and mortgage contractually provide." *Id.* Likewise, the Ohio Court of Appeals determined, regarding a promissory note, that "[t]he date of acceleration or the natural maturity date of the instrument is the triggering event for the statute of limitations" under Ohio's version of the UCC. *Bank of New York Mellon v. Walker*, 78 N.E.3d 930, 934 (Ohio Ct. App. 2017).

Finding these opinions persuasive, we conclude that Indiana's two applicable statutes of limitations recognize three events triggering the accrual of a cause of action for payment upon a promissory note containing an optional acceleration clause. First, a lender can sue for a missed payment within six years of a borrower's default. Second, a lender

can exercise its option to accelerate and fast-forward to the note's maturity date, rendering the full balance immediately due. The lender must then bring a cause of action within six years of that acceleration date. Or, third, a lender can opt not to accelerate and sue for the entire amount owed within six years of the note's date of maturity.

We now apply this framework to determine whether EMC's claim for payment upon the promissory note is time-barred.

## III. We affirm the trial court's grant of partial relief to EMC.

As explained above, ordinarily, lenders may recover the entire amount owed on a promissory note by filing suit within six years of the note's maturity date, if they choose not to exercise the note's optional acceleration clause. But even though EMC sued the Blairs well within six years of the note's 2008 maturity date, the unique posture of this case compels us to affirm the trial court's award of only partial relief.

In its appellate brief, EMC stated that, although it did "not agree with the trial court's conclusions regarding the impact of the Blairs' statute of limitations defense," it did "not appeal the same." At oral argument, counsel for EMC emphasized that EMC "won at the trial court" and acknowledged that EMC did not appeal the trial court's rationale since it didn't have a reason to. Because EMC has expressly disclaimed any argument for full relief and urged us to affirm the trial court's order, we decline to grant EMC relief beyond what it has sought.

## Conclusion

Important legal differences between closed installment contracts and open accounts counsel against treating them identically for purposes of statutes of limitations. Because we find no need to impose a rule of reasonableness when a lender sues for payment on a closed installment contract, we conclude that EMC could, under the two applicable statutes of limitations, have recovered the full amount owed. But since EMC

expressly disclaimed any argument for full relief, we affirm the trial court and decline to grant relief beyond what EMC sought.

David, Massa, Slaughter, and Goff, JJ., concur.

ATTORNEY FOR APPELLANTS
Robert R. Faulkner
Faulkner Law Office
Evansville, Indiana

ATTORNEYS FOR APPELLEE
David J. Jurkiewicz
Bryan H. Babb
Nathan T. Danielson
Christina M. Bruno
Bose McKinney & Evans LLP
Indianapolis, Indiana